# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VITOL, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 1:24-cv-01492 |
| | § | |
| VEGA CAPITAL LONDON LTD., *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## VITOL INC.'S UNOPPOSED MOTION TO SUBMIT ADDITIONAL ARGUMENT IN SUPPORT OF ITS MOTION TO QUASH DEFENDANTS' SUBPOENA

The parties fully briefed Vitol's Motion to Quash (ECF Nos. 1, 7, 17), and the Court thereafter held oral argument on that motion on April 3. (ECF No. 19.) Now, more than a month later and after the Court took the parties' arguments under advisement, Defendants have sought to make additional arguments directed specifically at Vitol in a brief Defendants filed in another case. As the movant, Vitol would typically receive the last word, and Defendants certainly shouldn't have made arguments about Vitol's pending motion in a separate case to which Vitol isn't even a party. Vitol therefore moves the Court to consider the below argument and information in response to Defendants' untimely and improperly submitted argument. Vitol also updates the Court below on an additional subpoena response apparently received by Defendants.

Vitol's counsel contacted counsel for Defendants before filing this motion, and Defendants do not oppose the Court considering the below argument and information.

\*\*\*

Defendants recently filed a reply in support of their motion to compel a response from another of its 28 subpoena recipients, Glencore Ltd. (Case No. 1:24-cv-02628, ECF No. 20.) In that reply, Defendants say that "Vitol's counsel was … mistaken at oral argument when he

1

suggested that [*U.S. Commodity Futures Trading Commission v. Parnon Energy Inc.*, No. 11 CIV 3543, 2013 WL 5882921 (S.D.N.Y. Oct. 25, 2013)] was distinguishable because '*Parnon* was analyzed under Rule 26, a general discovery standard, not a Rule 45 standard.'" (Case No. 1:24-cv-02628, ECF No. 20 at 6, n.2.) On the contrary, Vitol's counsel correctly argued that the *Parnon* court evaluated Vitol's motion for a protective order under Rule 26, not Rule 45. *See Parnon Energy Inc.*, 2013 WL 5882921, at *2 (identifying Rule 26(c) as the legal standard for the motion). Both rules use the same standard for relevance, but the key difference between the rules, undisputed by Defendants, is that when confidential information is sought under Rule 45, the burden falls on the requesting party to show "a substantial need for the testimony or material that cannot be otherwise met without undue hardship." Fed. R. Civ. P. 45(d)(3)(B)(i). *See also Suture Express, Inc. v. Cardinal Health 200, LLC*, No. 14-CV-04737, 2014 WL 6478077, at *4 (N.D. Ill. Nov. 18, 2014) (party requesting confidential information under Rule 45 must "establish that the information is sufficiently relevant and necessary to [its] case to outweigh the harm disclosure would cause to the person from whom [it] is seeking the information." (citations omitted)). Rule 26 imposes no such burden, and the court in *Parnon* never evaluated whether the requesting party met this heightened burden of necessity and unavailability from other sources. Thus, Vitol correctly argued that *Parnon* is inapplicable to whether Defendants here have met their burden of necessity and unavailability.

Moreover, since oral argument, Vitol has learned that at least one other subpoena recipient (Citadel Securities) has produced documents in response to Defendants' subpoena. This means that at least 21 out of 28 subpoena recipients have given Defendants at least a partial production. The fact that Defendants have now obtained productions from at least 21 individual traders, in addition to the market data they have, further cuts against Defendants' argument that yet another

production—this time from Vitol—is "necessary" under Rule 45. *See, e.g., Suture Express, Inc.*, 2014 WL 6478077, at *5 (finding the requested information "not necessary" where it was available through other means).

For those reasons, Vitol respectfully asks the Court to consider the above information and to quash Defendants' subpoena.

| | |
|---|---|
| Dated: May 16, 2024 | Respectfully submitted, |
| | **VITOL, INC.** |
| | By */s/ P. Russell Perdew* |
| | P. Russell Perdew<br>Bella Seeberg<br>Locke Lord LLP<br>111 S. Wacker Drive<br>Chicago, Illinois 60606<br>rperdew@lockelord.com<br>bella.Seeberg@lockelord.com<br>(312) 443-0700 |

**OF COUNSEL**
Christopher Verducci
M. Isabel Campos
Locke Lord LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
*cverducci@lockelord.com*
*isabel.campos@lockelord.com*
(713) 223-3717